IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-11-0154 MMC |
| Plaintiff, | Ninth Circuit Case No. 15-10581 |
| v. | **ORDER DENYING DEFENDANT'S PETITION TO APPEAL IN FORMA PAUPERIS; DIRECTIONS TO CLERK** |
| EDUARDO PACHECO, | |
| Defendant. | |

By order filed October 9, 2015, the Court denied defendant Eduardo Pacheco's "Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," filed June 18, 2015, by which motion defendant sought a reduction of his sentence under Amendment 782 to § 1B1.10 of the United States Sentencing Guidelines. By order filed November 24, 2015, the Court denied defendant's "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)," filed November 19, 2015, by which motion defendant sought a reduction of his sentence under Amendment 782, and which motion the Court construed as a motion for reconsideration of its order of October 9, 2015.

Now before the Court is defendant's "Petition to Appeal in Forma Pauperis," filed December 10, 2015.[1]

---

[1] Defendant has not filed a separate notice of appeal. The Court assumes, for purposes of the instant order, that the Ninth Circuit would consider defendant's "Petition to Appeal in Forma Pauperis" to be a notice of appeal. See, e.g., Wilborn v. Escalderon, 789 F.2d 1328, 1330 (9th Cir. 1986) (construing, under circumstances presented therein, motion to proceed in forma pauperis as notice of appeal).

A party may not proceed on appeal in forma pauperis if the district court "certifies that the appeal is not taken in good faith." See Fed. R. App. Proc. 24(a)(3)(A). "Good faith" exists where the appellant seeks "review of any issue not frivolous." See Coppedge v. United States, 369 U.S. 438, 445 (1962); see also id. at 448 (holding indigent criminal defendant "is to be heard, as is any appellant in a criminal case, if he makes a rational argument on the law or facts").[2]

Here, defendant seeks review of an order denying his request for reconsideration of the denial of his motion, made pursuant to Amendment 782 to § 1B1.10 of the United States Sentencing Guidelines, for a reduction of his sentence, which sentence is 140 months. As set forth in the Court's orders of October 9, 2015, and November 24, 2015, the guideline range applicable to defendant under Amendment 782 is 168 to 210 months, and, consequently, defendant is not entitled to a reduction, as Amendment 782 provides that a sentence may not be reduced "to a term that is less than the minimum of the amended guideline range." See U.S.S.G. § 1B1.10(b)(2)(A).

As the relief defendant seeks is foreclosed by the unambiguous language of Amendment 782, the Court finds the instant appeal is not taken in good faith, and, accordingly, hereby DENIES defendant's petition to appeal in forma pauperis.

The Clerk is DIRECTED to send a copy of the instant order to the Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: December 14, 2015

MAXINE M. CHESNEY
United States District Judge

---

[2] On March 4, 2011, Magistrate Judge Joseph C. Spero found defendant was eligible for appointed counsel. Nothing in the record suggests defendant's financial circumstances thereafter have changed.

2